**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

VINCENT WILLIAMS                         CIVIL ACTION NO. 21-0441

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

STATE OF LOUISIANA                       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a "Motion for New Trial Under Rule 59 of the Federal Rules of Civil Procedure" filed by Plaintiff Vincent Williams ("Williams") (Record Document 31). Defendant State of Louisiana has filed a memorandum in opposition to the motion. See Record Document 33.

**A.  Background**

Williams brought this suit against the State of Louisiana primarily arguing a disparate-impact racial discrimination claim under Title VII of the Civil Rights Act of 1964 ("Title VII") based on his employment as a correctional officer at the David Wade Correctional Center. See Record Documents 1, 18. The State of Louisiana filed a motion to dismiss for failure to state a claim upon which relief could be granted, see Record Document 21, which was subsequently granted by this Court. See Record Document 30. All of Williams's claims were dismissed with prejudice and this case was closed on February 14, 2022. See id. Williams filed the present motion March 14, 2022, seeking the Court's reconsideration of its judgment as being "contrary to federal law." Record Document 31 at 1.

1

**B. Standard**

Williams asserts his present motion under Federal Rule of Civil Procedure 59, styling it as a "Motion for New Trial," despite no trial having taken place in this action. Record Document 31 at 1. Williams's argument in his memorandum in support states the standard for a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), which is more appropriate in this case. See Record Document 31-1 at 1–2. Defendant argues that the Court must construe the present motion as having been made instead under Federal Rule of Civil Procedure 60(b) as a motion for relief from a final judgment, as it is untimely as a Rule 59(e) motion. See Record Document 33 at 2–3. However, Defendant misstates the appropriate time limit for a Rule 59(e) motion as requiring filing within ten days of the judgment. See id. Instead, the Rules require that a motion to alter or amend a judgment be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). As the judgment in this case was entered by the Clerk February 14, 2022, and the present motion was filed on March 14, 2022, the 28th day after entry of the judgment, the Court finds that the present motion is both timely and appropriately considered under Rule 59(e).

Federal Rule of Civil Procedure 59(e) provides no standard for a motion to alter or amend a judgment. Instead, that gap has been filled by case law. "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." United States v. Garrett, 15 F.4th 335, 339 n.5 (5th Cir. 2021) (quoting Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593, 597 (5th Cir. 2017) (cleaned up)). Williams asserts no intervening

change in the law and offers no newly discovered evidence but argues only that the Court has committed a manifest error of law in its judgment. See Record Document 31-1 at 2.

### C. Analysis

Williams's primary argument is that sovereign immunity should not apply as a defense in this case, and he refers to considerations from _Ex parte_ Young in support. 209 U.S. 123, 28 S. Ct. 441 (1908). However, as Defendant aptly notes, see Record Document 33 at 3–4, the doctrinal exception to sovereign immunity in _Ex parte_ Young only applies when a state official is sued for prospective injunctive relief. See also _Ex parte_ Young, 209 U.S. at 155–56, 28 S. Ct. at 452. Williams has brought suit only against the State of Louisiana itself, seeking damages for past discrimination rather than an injunction against future acts. See Record Documents 1 at 6, 29 at 2 n.1. Thus, _Ex parte_ Young does not apply to this case. In addition, Williams's Title VII claims were dismissed for failure to state a claim upon which relief can be granted rather than state sovereign immunity, which does not apply in the Title VII context, so application of _Ex parte_ Young would not benefit Williams on his main disparate-impact racial discrimination claim in any case. See Record Document 29 at 8. To the extent Williams asserts that policy considerations or basic legal principles from _Ex parte_ Young should compel reappraisal of the application of state sovereign immunity to claims under the Age Discrimination in Employment Act of 1967, see Record Document 31-1 at 2, this Court declines to second-guess the Supreme Court's clear precedent in that regard. See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91, 120 S. Ct. 631, 650 (2000).

Williams next asserts a belief that he should be given an opportunity to better set forth his case on his disparate-impact discrimination claim, surviving at least until the

summary judgment stage. See Record Document 31-1 at 3. However, such a subjective belief does not adequately address the Court's basis for dismissing his claim and falls far short of showing a manifest error of law as required under Rule 59(e).

Finally, in response to a footnote in the Court's prior memorandum ruling, see Record Document 29 at 8 n.3, Williams asserts that he did in fact exhaust all administrative remedies prior to filing suit, as required for a Title VII claim, and provides a copy of his Charge of Discrimination form as filed with the Louisiana Commission on Human Rights in support. See Record Document 31-2. However, the form provided alleges only direct race-based discrimination and retaliation, reciting completely different factual situations than those alleged in the complaint filed in this case. See Record Document 31-2 at 1. At no point does the charge sheet mention the use of union membership or age as criteria in promotion selection that causes disparate-impact racial discrimination. Such a divergence between the facts recited in an administrative charge under Title VII and the factual basis and legal theory asserted in the subsequent lawsuit is insufficient to show administrative exhaustion as required for a viable Title VII claim. See McClain v. Lufkin Indus., 519 F.3d 264, 274–75 (5th Cir. 2008); Pacheco v. Mineta, 448 F.3d 783, 792 (5th Cir. 2006) (holding that allegations of only past disparate treatment and no identification of a neutral employment policy could not lead to an EEOC investigation into disparate-impact discrimination sufficient to satisfy the administrative exhaustion requirement). As such, the Court would have also dismissed Williams's complaint on the basis of failure to exhaust administrative remedies as required under Title VII. See 42 U.S.C. § 2000e-5(f)(1).

### D.  Conclusion

Williams has failed to demonstrate any manifest error of law in the Court's prior judgment and has incidentally provided support for an additional basis on which to have dismissed his complaint. Accordingly, Williams's Motion for New Trial (Record Document 31) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of May, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT